Lisel M. Ferguson (Bar No. 207637)
E-mail: lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189)
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff,*
LIGHTSOURCE VENTURES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTSOURCE VENTURES, INC.<br><br>Plaintiff,<br><br>v.<br><br>LIGHTSOURCE BP fka LIGHTSOURCE RENEWABLE ENERGY NORTH AMERICA LLC<br><br>Defendant. | Case No.: **'23CV2340 JES  BLM**<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**<br>**(2) UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. §§ 1114, 1125(A); AND**<br>**(3) BREACH OF CONTRACT.**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff LIGHTSOURCE VENTURES, INC. ("Lightsource" and/or "Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for (i) federal trademark infringement pursuant to 15 U.S.C. § 1114; (ii) unfair competition arising under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); and (iii) breach of contract.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).  This Court has

1
COMPLAINT

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Plaintiff and Defendant have consented to this Court's jurisdiction through the Licensing Agreement ("Contract") at issue in this case. (Contract attached as Exhibit "D"). Exhibit "D" par. 11(e). Furthermore, the Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the opportunity to conduct commercial activities in this Judicial District by selling their products and services in this Judicial District and advertising to consumers in this Judicial District attempting to solicit the business of customers in this Judicial District.

4.     Venue in this action properly lies in the Southern District of California under 28 U.S.C. §§ 1391 and 1400 as the Defendants provide goods and services to customers within California and this Judicial District, the Defendants have conducted business, published websites and have derived income from the sale of goods and services to the public within this Judicial District. Furthermore, Plaintiff and Defendant have also consented to venue through the Contract. Exhibit "D" par. 11(e).

## PARTIES

5.     Plaintiff LightSource Ventures, Inc. is a Delaware corporation with its principal place of business at P.O. Box 8518, Rancho Santa Fe, CA 92067.

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Lightsource BP fka Lightsource Renewable Energy of North America is a Delaware limited liability company with a principal place of business at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

7.     Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

**Plaintiff's Business and Trademarks**

8. Plaintiff is a company which supplies land development and construction of renewable energy and energy generation structures currently in the wind sector and previously both the solar and wind sector before the solar rights were licensed to Defendant. Plaintiff's company was formed in 2001. Plaintiff is dedicated to delivering superior renewable energy products and services.

9. Plaintiff owns three United States Trademark Registrations related to its "LIGHTSOURCE" brand of services and relevant to this complaint ("Trademarks"). A list of Plaintiff's Trademarks is as follows and a copy of each registration is attached hereto as Exhibits A, B & C.

| United States Trademark Registration Number | Mark | Registration Date | First Use In Commerce |
|---|---|---|---|
| 5,216,812 | LIGHTSOURCE RENEWABLES | 06/06/2017 | April 18, 2008 |
| 5,391,322 | LIGHTSOURCE | 01/30/2018 | April, 18 2008 |
| 7,034,101 | LIGHTSOURCE WIND | 04/25/2023 | September 1, 2001 |

10. Since April of 2008, Plaintiff has continuously utilized its first two Trademarks in relation to its land development and construction of renewable energy and energy generation structures. All three marks are registered in International Class 37 for the following services:

"Land development and construction of renewable energy and energy generation structures, namely, solar and wind power generating facilities; consulting services in the field of construction of renewable energy and energy generation structures, namely, solar and wind power generating facilities."

11. Plaintiff has utilized these Trademarks in the wind renewable energy business on its website to offer and sell its services nationwide. The rights for use of these Trademarks with solar were licensed to Defendant in 2017.

12. The consumers (herein after defined as: wind developers and owners of utility scale wind generation facilities, as well as multiple service providers in the wind generation and development value chain, including but not limited to, companies that erect wind towers, companies that provide wind consulting advice, providers of capital and tax equity, providers of land development and permitting services, consultants in the sale of wind energy, "Consumers") associate the Trademarks and all similar marks with Plaintiff and its services.

13. On August 14, 2017, Plaintiff entered into a Licensing Agreement ("Contract") whereby Defendant was granted a license to use the Trademarks for the licensed services which included development, investment, construction, financing, O&M, asset management and consulting services of solar energy and energy generation structures. See Exhibit "D".

14. The Contract did not allow for Defendant to use the marks in the retained fields which included "land development and construction of wind renewable energy structures, namely, wind renewable energy power generating facilities, and consulting services in the field of construction of wind renewable energy structures" among other things. Exhibit "D" par. 1(B). In fact, use in the wind sector was reserved for Plaintiff. Exhibit "D" par. 1(D).

**Defendant's Infringement and Breach of Contract**

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant is providing consulting services in the field of construction of wind renewable energy structures, it is also using the Licensed Marks in combination with the word "wind" and is using the Trademarks to provide these services. (these prohibited services are referred to herein as services in the "Wind Renewable Energy Space") There are at a minimum four acts Defendant is doing that are in breach of its Agreement with Plaintiff; 1) exploring wind and solar co-location hubs; 2) sponsoring a capstone design project to interconnect solar or wind power generation systems to the electric grid; 3) presenting on solar and wind developers perspectives; and 4)

partnering with others to look for ways to create bundled alternative energy products including solar and wind.

16. On June 16, 2022 Plaintiff sent a cease and desist letter to Defendant, requesting Defendant to cease utilizing the Trademarks in the Wind Renewable Energy Space.  A copy of which is attached hereto as Exhibit "E".

17. Defendant responded and alleged that they were not using the Trademarks to develop wind projects in the United States. However, Plaintiff has information that the Defendant is providing consulting services in the field of Wind Renewable Energy which is a breach of the Contract and is causing confusion.

18. In late 2023 it came to Plaintiff's attention that Defendant is continuing to use the trademarks in the restricted field.  For instance, Lightsource bp's website references wind and solar co-location (see below) and expressly states that "[w]e're exploring how these renewable hubs can speed deployment, bring more projects to fruition, and generate consistent flows of clean power." This page is accessible from the U.S.



https://lightsourcebp.com/about/

19. Additionally, Defendant admits that it sponsored a capstone design project through Penn State's Bernard M. Gordon Learning Factory with the goal of "creat[ing] a guide to help market participants interconnect solar or wind power

generation systems to the electric grid." This statement is found on one of Defendant's "United States" subpages.



https://lightsourcebp.com/us/news/capstone-project-cheat-sheet-for-interconnection-for-solar-and-wind-market-participants/

20. Defendant also published that Helen Brauner Lightsource bp's U.S. Senior Vice President of Business Development, is slated to speak at the ERCOT Market Summit in Austin, Texas in February 2024 (see below). The topic she is presenting on is "*Solar and Wind Developers' Perspectives*".



https://lightsourcebp.com/us/about/events/

21. According to Defendant's own website the U.S. Director of Origination, Emile Wangerman, stated: *"[o]ur team also partners with the Vice President of the BP's Alternative Energy, to connect with his vast BP network and look for ways to create bundled alternative energy products, such as wind plus solar*." This appears to be a direct admission that the U.S. Lightsource bp team is consulting in the area of wind renewable energy.

[screenshot of lightsourcebp.com webpage showing statement by Emilie Wangerman, Director of Origination, regarding the US Lightsource and BP collaboration]

https://lightsourcebp.com/us/news/one-year-on/

22. The above examples of Defendant's use of the mark in the wind sector are blatant breaches of the License Agreement and are additionally infringing on Plaintiff's trademarks. The combined effect of each of these acts by Defendant in the wind renewable energy space clearly shows that wind energy is not just an ancillary part of Defendant's business in the U.S. but an important element of Defendant's current and future business.

23. Plaintiff sent yet another cease and desist letter to Defendant on November 22, 2023, and still has not received a response to this demand.

24. Based on information and belief, as of the date of this Complaint, Defendant has not ceased utilizing the Infringing Mark in the Wind Renewable Energy Space.

25. Plaintiff is informed and believes, and thereon alleges that the Defendant has passed their services off in a manner calculated to deceive Plaintiff's Consumers and that Defendant has copied Plaintiff's Trademarks in an effort to confuse and deceive Plaintiff's Consumers into believing that Defendant and Plaintiff are one and the same; or that Defendant is connected to and/or condoned by Plaintiff.

26. The natural, probable and foreseeable result of Defendant's wrongful conduct has been to deprive, and it will continue to deprive, Plaintiff of the benefits of the sale of its services in the Wind Renewable Energy Space and to deprive Plaintiff of its goodwill, and to injure Plaintiff's relations with present and prospective Consumers.

27. Plaintiff is informed and believes, and based thereon alleges, that it has lost, and will continue to lose, substantial revenues from Defendant's use of the Trademarks in the Wind Renewable Energy Space. Defendant's wrongful conduct will also deprive Plaintiff of the opportunity of expanding its goodwill.

28. Plaintiff is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendant will continue its current course of conduct, wrongfully using, infringing upon, selling and otherwise profiting from Plaintiff's Trademarks.

29. As a direct and proximate result of the acts alleged above, Plaintiff has suffered irreparable damage and lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intend to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustain loss of profits until Defendant's actions alleged above are enjoined by this Court.

30. As a direct and proximate result of the acts alleged above, Plaintiff seeks damages to compensate it for lost profits and the loss of goodwill that Defendant has caused.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement: 15 U.S.C. § 1114)

31. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Plaintiff is the owner of United States Trademark Registration Nos. 5,216,812; 5,391,322 and 7,034,101 ("Trademarks").

33. The actions of Defendant described herein constitutes infringement of the Plaintiff's Trademarks in violation of 15 U.S.C. § 1114.

34. Defendant has used in commerce, without the permission or consent of Plaintiff, the term "LightSource" that is identical to and/or confusingly similar to Plaintiff's Trademarks in the Wind Renewable Energy Space. Defendant has infringed Plaintiff's Trademarks and created a false designation of origin by utilizing said marks

and/or similar marks in connection with the offer for sale, sale, distribution, promotion and/or marketing of Defendant's services without the permission or consent of Plaintiff. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among Consumers. Defendant's acts are also designed to deceive Consumers into believing that Defendant's services are associated with, sponsored by, approved by and/or condoned by Plaintiff.

35. Defendant had actual knowledge of Plaintiff's ownership and use in commerce of Plaintiff's Trademarks in the Wind Renewable Energy Space and, without the permission or consent of Plaintiff, has willfully and intentionally violated 15 U.S.C. § 1114.

36. As a direct and proximate result of Defendant's unauthorized use of the Trademarks, Defendant has damaged and will continue to damage Plaintiff's goodwill and reputation, and has caused and is likely to continue causing Plaintiff a loss of sales and profits. Defendant's actions have caused and will continue to cause irreparable harm to Plaintiff and to its Consumers, who will be confused by Defendant's unauthorized use of the Plaintiff's Trademarks in the Wind Renewable Energy Space, and unless restrained and enjoined by this Court Defendant's harm will continue. Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring Plaintiff.

37. As a further direct and proximate result of Defendant's actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to its attorney's fees and costs incurred in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief requiring Defendant to cease use of the Infringing Marks, and to all other and further forms of relief this Court deems appropriate.

38. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a))

39. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Plaintiff provides wind renewable energy services to Consumers.

41. Defendant provides similar services in the same manner using the Trademarks in its business. The services provided by Defendant under the Trademarks will confuse and deceive, and already have deceived, the Consumers into thinking that the services provided by Defendant are Plaintiff's services, or that there is some connection or affiliation between Plaintiff and Defendant.

42. As a result of Defendant's acts, Plaintiff will continue to suffer harm and will lose income from the sale of those services diverted away by Defendant. Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendant's services and advertisements used in connection with Defendant's infringing services. Moreover, Defendant's infringing services and products could be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's business reputation. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

43. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Plaintiff and Defendant entered in to a Contract on August 14, 2017 wherein Defendant was allowed to use the Trademarks for certain specified services

however Defendant was not allowed to use the Trademarks for use with the Restricted Services which included services in the Wind Renewable Energy Sector.

45. Plaintiff performed, or substantially performed, all conditions, covenants, and promises required on its part in accordance with the terms and conditions of the Contract.

46. All conditions required under the Contract to compel performance by Defendant has occurred.

47. Defendant breached the Contract by using the Trademarks in the Wind Renewable Energy Space which is prohibited under the Agreement.

48. As a direct and proximate result of the Defendant's breach of the Agreement and the above-stated conduct of Defendant, Plaintiff sustained damages in an amount to be proven at trial. Plaintiff is further entitled to injunctive relief per the Contract (Exhibit "D" par. 5(d)) requiring Defendant to cease use of the Infringing Marks.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION:**

1. That Defendant be adjudged to have infringed Plaintiff's Trademarks in violation of federal law;
2. That Defendant be adjudged to have willfully infringed Plaintiff's Trademarks in violation of federal law;
3. For actual damages according to proof at trial;
4. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;
5. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);
6. For disgorgement of Defendant's profits;
7. For injunctive relief that Defendant is barred from using the Trademarks;

8. For attorney's fees for wrongful willful and deliberate action under 17 U.S.C. § 1051, *et seq.*;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1. For injunctive relief that Defendant is barred from using any of the Lightsource trademarks as a result of its breach of the Agreement;

2. For the principal sum according to proof at trial;

3. For General Damages to be proven at the time of trial;

4. For interest thereon at the maximum legally permissible rate;

5. For punitive damages;

6. For reasonable attorney's fees;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

DATED: December 27, 2023        PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/Lisel M. Ferguson
Lisel M. Ferguson (Bar No. 207637)
Tiffany Salayer (Bar No. 226189)

*Attorneys for Plaintiff,*
LIGHTSOURCE VENTURES, INC.